STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald J. CARLS, Defendant-Appellant.†

Court of Appeals

*No. 93–3355–CR. Submitted on briefs June 23, 1994.—Decided July 27, 1994.*

(Also reported in 521 N.W.2d 181.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens*, assistant public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brian K. Holmgren*, assistant district attorney.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Donald J. Carls appeals from a judgment of conviction for the misdemeanor of trespass. He argues that the trial court erred by holding that § 943.14, STATS., does not apply where a person enters a dwelling which is owned jointly by him or her. We conclude that where a person enters a dwelling which is another person's residence, that person violates § 943.14 if acting without consent, other statutory authority or court order and regardless of any ownership rights in the property. Therefore, we affirm.

The facts are not disputed. Donald and his wife Pamela were in the process of a divorce. Pamela

obtained a domestic abuse injunction which prohibited Donald from entering any residence occupied by her. The house she occupied was the joint marital property of Donald and Pamela.

On November 18, 1992, Pamela entered her home and found Donald hiding behind a curio cabinet. She had not consented to his entry into the house.

Donald was arrested and charged with two misdemeanors as a repeat offender: trespass and the violation of a restraining order. Donald pled guilty to the charge of violating a restraining order but moved to dismiss the trespass charge. He argued that he could not be convicted of trespassing on his own property. The trial court denied the motion and a jury convicted Donald of trespass. Donald appeals the trespass conviction.

Where the issue involves the interpretation of a statute applied to an undisputed set of facts, the question is one of law which we review de novo. *J.A.L. v. State,* 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). When interpreting a statute, we first look at the language of the statute itself. *See State v. Seigel,* 163 Wis. 2d 871, 885, 472 N.W.2d 584, 590 (Ct. App. 1991). Words are interpreted according to their common and approved usage. *Id.* at 886, 472 N.W.2d at 590. We may resort to a recognized dictionary for this purpose. *Id.* Section 943.14, STATS., provides:

> **Criminal trespass to dwellings.** Whoever intentionally enters the dwelling of another without the consent of some person lawfully upon the premises, under circumstances tending to create or provoke a breach of the peace, is guilty of a Class A misdemeanor.

Donald argues that he did not "enter[] the dwelling of another" because he owned the house in joint tenancy.

We reject Donald's argument. Section 943.14, STATS., does not define "dwelling of another." However, the common and approved definition as found in a recognized dictionary defines "dwelling" as a "building or construction *used for residence.*" *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 706 (unabr. 1976) (emphasis added). Although Donald jointly owned the home, he no longer lived there. Pamela used their home for her residence; Donald did not. Therefore, according to the plain meaning of the statute, the home was not Donald's dwelling but the dwelling of another, namely Pamela. Under this analysis, Donald and Pamela's ownership interests are irrelevant; the statute protects a person's interests in occupying a private residence.

We also think it significant that the statute refers to "dwelling" instead of "property." Section 939.22(28), STATS., defines "property of another" for crimes in general as "property in which a person other than the actor has a legal interest which the actor has no right to defeat or impair, even though the actor may also have a legal interest in the property." Section 943.20(2)(c), STATS., defines "property of another" for theft as including "property in which the actor is a co-owner . . . unless the actor and the victim are husband and wife." Both definitions refer to ownership interests. That § 943.14, STATS., does not use the term "property" supports our conclusion that ownership interests are irrelevant in interpreting that statute.

An application of the statute to another factual situation further supports our conclusion. If we were to interpret the trespass statute as Donald suggests, it could not be applied against landlords entering resi-

dential premises occupied by tenants. It is obvious that a tenant has an interest in the private residence of the leasehold, for that is exactly what a lease covers. *See* § 704.05, STATS. The statutes and administrative code sections further recognize this interest by imposing rules for landlord entry on the premises for inspection, repairs, showing the property or where the tenant is absent and the landlord believes entry is necessary to preserve or protect the premises. *See id.*; WIS. ADM. CODE § ATCP 134.09(2). Because § 943.14, STATS., protects the interest in private residence, not ownership rights, tenants are protected by that statute from the unauthorized entry of their landlords and other persons. Thus, the interpretation of § 943.14 is consistent with and furthers the interests delineated in our landlord/tenant laws. We are confident that this is an intended consequence of the statute. Accordingly, we hold that ownership interests have no effect on the applicability of § 943.14.

*By the Court.*—Judgment affirmed.